UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JONES,

   Plaintiff,

v.

GRETCHEN WHITMER, HEIDI
WASHINGTON, JACKSON HENRY
FORD ALLEGIANCE HOSPITAL,
MDOC BUREAU OF HEALTH
SERVICES, JCS HEALTH CARE
SERVICES, and STF HEALTH CARE
SERVICES,

   Defendants.

Case No. 22-11516
Honorable Laurie J. Michelson

# OPINION AND ORDER
## DENYING JONES' APPLICATION FOR LEAVE TO FILE SUIT [1], DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS [2], AND DENYING MOTION FOR DISCOVERY

Anthony Jones, who is incarcerated at the Central Michigan Correctional Facility, seeks permission to file, in forma pauperis, a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Jones claims that he contracted COVID-19 while in prison, and that he "died" from the virus, fell out of his bunk, and hurt his leg and head. (ECF No. 1, PageID.6–7.) He alleges that Governor Gretchen Whitmer and Director of the Michigan Department of Corrections Heidi Washington acted with deliberate indifference in violation of the Eighth Amendment by not releasing him from prison, despite the risk of contracting COVID-19. (ECF No. 1, PageID.6–8.) And he alleges that the other healthcare entities he names as defendants have refused to

provide him with his healthcare records and failed to disclose or document his "death" in violation of the Due Process Clause. (*Id.* at PageID.8–9.)

But before Jones can pursue these claims, he needs this Court's permission to file suit. He must do so because several (and definitely more than three) of Jones' prior federal lawsuits have been dismissed as frivolous or for failure to state a claim, subjecting him to the "three-strikes" rule. *See* 28 U.S.C. § 1915(g). This means he may not bring suit unless he either pays the filing fee or shows he is "under imminent danger of serious physical injury." *See id.* Further, U.S. District Judge Stephen J. Murphy, III has enjoined Jones from proceeding with any more civil cases before a U.S. District Judge has determined that Jones' proposed case asserts "an intelligible, non-frivolous claim." *See Jones v. Washington*, No. 2:21-cv-12375, 2021 WL 6063626, at *2 (E.D. Mich. Dec. 22, 2021).

Some of Jones' allegations are barely intelligible, and so they do not comply with Judge Murphy's order. Also, Jones does not show he is in imminent danger such that he should be granted leave to proceed without prepaying filing fees and costs. Accordingly, the Court will DENY Jones' request for leave to proceed without prepaying the fees and costs and will DISMISS WITHOUT PREJUDICE Jones' complaint.

I.

A.

As noted, Jones has been permanently enjoined from filing any new actions in this District without first obtaining permission. *Jones v. Washington*, No. 2:21-cv-

12375, 2021 WL 6063626, at *2 (E.D. Mich. Dec. 22, 2021). Specifically, Judge Murphy ordered that a U.S. District Judge is to review Jones' complaint and determine whether it asserts "an intelligible, non-frivolous claim[.]" *Id.* If it does not, the complaint should be dismissed. *Id.*

Jones' allegations in his most-recent complaint toe the line of being unintelligible. Jones claims that "the deadly coronavirus disease (COVID-19) came over [Jones'] head, mind, and body and [Jones] 'died,' fell from his top bunk and hit his head, and gashed his leg from the COVID-19 disease." (ECF No. 1, PageID.6.) Jones obviously did not die. So it is unclear what Jones means when he repeats that he "suffered death" or refers to his "first death" in his complaint.

But construing the complaint in Jones' favor, the allegation is perhaps intelligible: maybe Jones became gravely ill after contracting COVID-19. At the very least, it appears that Jones became sick from COVID-19 to the point where he may have become unconscious or delirious, and thus fell from his bunk and injured his leg.

So Jones' main factual allegations are barely "intelligible," as required by Judge Murphy's order. But since Jones does seem to be making a claim that Whitmer and Washington disregarded the substantial risk of COVID-19 when they denied his grievances, which caused Jones to contract the virus and suffer some harm, the Court will not dismiss the case pursuant to Judge Murphy's order.

## B.

However, since Jones has not shown he is in imminent danger of serious physical injury, he may not proceed without prepayment of fees and costs.

3

Jones has filed multiple civil cases in federal court, and most (if not all) were dismissed as frivolous, malicious, or for failure to state a claim. *See Jones v. Washington*, No. 2:21-cv-12375, (E.D. Mich. Dec. 22, 2021) (ECF No. 4, PageID.201) (collecting cases). Several courts in this District have also found that Jones is subject to the three-strikes provision in 28 U.S.C. § 1915(g). *See, e.g.*, *Jones v. Washington*, No. 2:21-cv-12375, 2021 WL 6063626, at *2 (E.D. Mich. Dec. 22, 2021) ("Over the years, Plaintiff has filed more than a dozen complaints against various defendants in the Michigan prison system. Each case has been quickly resolved as unmeritorious."). Jones himself admits he is subject to the "three strikes provision, as the plaintiff has file[d] over 13 . . . Section 1983 Law Suit Complaints[.]" (ECF No. 1, PageID.3.)

So Jones seeks to invoke the "imminent danger" exception to the three-strikes rule. *Id*. He contends that he faces imminent danger because "he is still incarcerated under the same circumstances and conditions that cause[d] his first death." (ECF No. 1, PageID.7.)

The Court acknowledges that COVID-19 "is highly infectious," and if contracted, it "can cause severe complications or death." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). But "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent-danger] exception." *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008). In other words, it is not enough for Jones to claim that he suffered "death" from COVID-19 already. He must allege facts showing that risk of serious physical injury "exists at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he

4

allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists.").

The Court notes that MDOC "has taken extensive measures to limit the threat posed by COVID-19" and "to address the risk of COVID-19 to inmates statewide." *Hill v. Whitmer*, 471 F. Supp. 3d 803, 808 (W.D. Mich. 2020). Though Jones states he is incarcerated in the same conditions as he was when he first contracted COVID-19 in February 2021, some things have changed. In fact, as of August 1, 2022, there were no active cases of COVID-19 among prisoners at the Central Michigan Correctional Facility where Jones is incarcerated. *See COVID-19*, Michigan Department of Corrections, https://perma.cc/R3P7-B35M (last updated Aug. 1, 2022).

Moreover, the increased availability of the COVID-19 vaccine since February 2021, as well as new medications and advancements in treatments, also persuades the Court that Jones faces a reduced risk of imminent danger of physical harm. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced."). Though the Court is not aware of Jones' vaccination status, he has not alleged that the vaccine has not been made available to him while he has been incarcerated.

Jones has also not shown that if he were to contract COVID-19 again, it would lead to serious physical harm. Other than Jones' age (over 50) and vague allegations about a spot on his spine and receiving care for a chronic illness, he has not demonstrated that he is particularly vulnerable or susceptible to becoming seriously

5

ill from COVID-19. The Court, therefore, cannot infer that Jones was in imminent danger of death or severe bodily harm when he applied for leave to file this complaint.

So, the Court finds that Jones has not shown he faced imminent danger of serious physical harm and therefore, he is unable to proceed without prepayment of fees and costs under 28 U.S.C. § 1915(g).

## C.

Jones also moved for discovery of his medical records as part of his complaint. (ECF No. 1, PageID.9.) As his complaint will be dismissed, this motion is DENIED AS MOOT.

## II.

For the foregoing reasons, the Court DENIES Jones' request to proceed without prepayment of fees and costs. (ECF No. 2.)

Thus, the Court DISMISSES WITHOUT PREJUDICE Jones' complaint under § 1915(g). Jones may refile any of the claims dismissed under § 1915(g) if he pays the filing fee under 28 U.S.C. § 1914(a). The Court also declines to certify that any appeal from this dismissal would be in good faith. *See* 28 U.S.C. § 1915(a)(3).

Jones' motion for discovery is DENIED AS MOOT as his complaint is dismissed.

SO ORDERED.

Dated: August 12, 2022

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE